DAMOORGIAN, J.,
concurring specially.
I concur and write only to address the inequity of the current standard of conduct that must be present before sanctions may be imposed under Moakley v. Smallwood, 826 So.2d 221 (Fla.2002). In this case, defense counsel acknowledged that he was negligent. When asked by the trial judge what the appropriate sanction should be, defense counsel responded that “an appropriate sanction would be [the plaintiffs] time, which was $350 for the day, and [plaintiffs counsel’s] time for coming in on Monday, which would be about maybe an hour at $400 an hour.” To defense counsel’s credit, he acknowledged that his negligence cost the opposing party money. Defense counsel even went so far as to suggest an amount to which the opposing party was entitled. Moakley simply does not allow for the imposition of sanctions for negligent conduct. Who should bear this cost, the victim or the perpetrator? The trial court should have the discretion to impose sanctions even when the conduct rises only to a negligence standard.